IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN ANDRES LUNA, | § | |
| Petitioner, | § | |
| | § | CRIM No. H-16-478(01) |
| v. | § | |
| | § | CIVIL No. H-18-2660 |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## UNITED STATES' MEMORANDUM AND REQUEST FOR AN EVIDENTIARY HEARING

In response to the § 2255 motion filed by Juan Andres Luna, the United States requests that this Court:

1. Determine whether Luna currently qualifies for appointed counsel, and if so, appoint counsel to represent him for the purposes of the evidentiary hearing described below; and

2. After appointing counsel (or finding Luna ineligible for appointed counsel), conduct an evidentiary hearing limited to the issue of whether Luna's prior counsel rendered ineffective assistance of counsel causing Luna to delay pleading guilty leading to a higher sentence.

### I. Background of Luna's Claims and Prior Counsel's Affidavit.

On September 17, 2018, Luna filed a supplemental memorandum in support of his § 2255 motion. D.E. 70.[1] In his memorandum, Luna

---
[1] "D.E." refers to docket entries in Crim. No. H-16-478(01).

1

alleges, under penalty of perjury, that his prior counsel, Xenos Yuen, rendered constitutionally ineffective assistance by advising him to reject a plea offer on the basis that "he could not be convicted at trial." D.E. 70, p.3. Luna claims that but for this advice, he would have accepted the government's plea offer and would not have proceeded to trial. D.E. 70, p.2-3. Luna argues that because of Yuen's alleged ineffective assistance of counsel and his decision to enter a plea in the middle of trial, the United States did not move for a "third acceptance point" under U.S.S.G. § 3E1.1(b), thus, subjecting Luna to a higher Guideline range and sentence.

Following Luna's supplemental motion, the United States filed a motion requesting that this Court order Yuen to respond to Luna's claim in an affidavit; this Court granted the motion on March 5, 2019. D.E. 79, 80. Yuen filed his affidavit with this Court on April 29, 2019, and swore to the following:

> 1. Yuen described the terms of two plea offers to Luna; Luna declined both offers and instructed Yuen he wanted to proceed to trial.
>
> 2. Yuen never advised Luna to not accept the plea offers.
>
> 3. Yuen advised Luna that there was a flaw in the indictment that would require the United States to

2

amend the indictment which would allow for additional time.

4. Yuen never advised Luna that he could not be convicted.

D.E. 84. In light of the factual dispute regarding Yuen's advice to Luna, an evidentiary hearing is required to decide Luna's ineffective assistance of counsel claim.

II. **This Court must make a credibility determination.**

To prevail on his ineffective assistance of counsel claim, Luna bears the burden to prove that Yuen's representation fell below an objective standard of reasonableness, and that but for counsel's deficient performance, the result of proceeding would be different. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). To establish prejudice in context of pleas, Luna must prove that "the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 132 S.Ct. 1376, 1385 (2012). Accordingly, to meet his burden of showing prejudice based on his rejection of (or delay in accepting) a plea offer, Luna must show that (1) there is a reasonable probability the plea offer would have been presented to the court; (2), it would have been accepted by the court; and (3), the sentence under the offer's terms would have been less severe than under the judgment and sentence that was imposed. *Id.* at 1385. If

Luna cannot establish both prongs of *Strickland*, then he fails to carry his burden of proof and his § 2255 motion must be denied. *Sonnier v. Quarterman*, 476 F.3d 349, 356 (5th Cir. 2007).

Luna and Yuen offer differing accounts of whether Yuen advised Luna to reject any plea offers and whether Yuen told Luna that he could not be convicted of the charged offense. D.E. 70, 84. Luna claims that Yuen advised him to reject any plea offers because he could not be convicted of the charged offense. D.E. 70, 75. Yuen reports that he never advised Luna to reject any plea offers and never told Luna that he could not be convicted. D.E. 84. Because of these two differing accounts, this Court must make a credibility determination in order to resolve the question of whether Yuen's performance was deficient. *See Strickland*, at 694. Even if this Court were to find that Yuen rendered deficient performance by advising Luna to reject the plea offer because he could not be convicted, Luna still bears the burden of proving that Yuen's performance was prejudicial.[2]

---

[2] It is questionable whether Luna can meet his burden under *Strickland's* prejudice prong. To meet the prejudice prong, Luna must prove that but for his counsel's deficient performance, he would have pleaded guilty, received the third acceptance point, and a lower sentence. Luna's guideline range was 84 to 105 months and he received an 84 month imprisonment sentence. If Luna had received a third acceptance point, his guideline range would have been 77 to 96 months. Luna's 84

4

The United States respectfully requests that this Court appoint counsel for Luna (if he is eligible for appointed counsel) and schedule an evidentiary hearing. The evidentiary hearing should be limited to whether Yuen rendered constitutionally deficient performance that prejudiced Luna by subjecting him to a higher sentence than he would have received but for Yuen's deficient advice.

### III. Conclusion.

The United States respectfully requests that the Court schedule and evidentiary hearing as described above.

Respectfully submitted,

RYAN K. PATRICK
United States Attorney

CARMEN CASTILLO MITCHELL
Chief, Appellate Division

/s/ *Catherine Pick*
CATHERINE PICK
Assistant United States Attorney
Texas Bar No. 24101749
Attorneys for Respondent
1000 Louisiana Street, Ste. 2300
Houston, TX 77002
(713) 567-9102

---

month imprisonment sentence is still within the guideline range, thus, Luna must prove that this Court would have sentenced him below 84 months.

# CERTIFICATE OF SERVICE

I, Catherine Pick, certify that a true and correct copy of the foregoing Memorandum and Request for an Evidentiary Hearing was electronically filed with the United States District Clerk for the Southern District of Texas on May 23, 2019. A true and correct copy of the foregoing motion will be served on May 23, 2019 via certified mail, return receipt requested, addressed to:

Mr. Juan Andres Luna
Reg. No. 19390-479
FCI Manchester
P.O. Box 4000
Manchester, KY 40962-4000

/s/ *Catherine Pick*
CATHERINE PICK
Assistant United States Attorney